IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KELLY WICKHAM,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CORRECTION AND COUNSELING SERVICES, MICHAEL THATCHER, MEDICAL PROVIDER No. 1 (name unknown), and MEDICAL PROVIDER No. 2 (name unknown),<br><br>Defendants. | CV 15-18-BU-BMM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Kelly Wickham has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint filed pursuant to 42 U.S.C. § 1983 alleging Defendants denied Wickham medical treatment for his Multiple Sclerosis while he was in their custody. (Doc. 2.) The request to proceed in forma pauperis will be granted. All claims arising prior to April 15, 2012 are barred by the applicable statute of limitations and should be dismissed. Defendants will be required to respond to Wickham's claims regarding the alleged failure to provide him medical treatment while he was incarcerated at the Butte Prerelease Center from April, 2012 through September 2012.

1

## I. Motion to Proceed in Forma Pauperis

Wickham has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Wickham must pay the statutory $350.00 filing fee. Wickham has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Wickham will be directed to forward payments from Wickham's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2)

## II. Statement of the Case

### A. Jurisdiction

The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a).

### B. Parties

Wickham is a state prisoner currently incarcerated at the Montana State Prison in Deer Lodge, Montana. He is proceeding in forma pauperis and without counsel.

Wickham names the following Defendants: Community Corrections and Counseling Services; Michael Thatcher, Director of Community Corrections and Counseling Services; and two unnamed medical providers. (Complaint, Doc. 2 at 1-2.)

### C. Factual Allegations

Wickham was diagnosed with Multiple Sclerosis ("MS") in 2009. In May, 2011, an MRI was performed while Wickham was in the custody of the Lewis and Clark County Jail in Helena, Montana. Dr. Christopher Christie and Dr. Carlos Sullivan confirmed the MS diagnosis and prescribed Copaxone to treat Wickham's condition. In July, 2011, Wickham was transferred to the START Facility (a Community Corrections and Counseling Services subsidary) in Anaconda, Montana. Wickham informed officials at START that he had MS but alleges they refused him treatment for that condition.

In November 2011, Wickham was transferred to the TSTC (Bootcamp) where he was treated for MS with Copaxone. He completed bootcamp in February

2012 and was transferred to Connections Corrections where Medical Provider No. 1 discontinued the Copaxone. In April 2012, Wickham was transferred to Butte Prerelease (a Community Corrections and Counseling Services subsidary). He was incarcerated there from April 2012 through September 2012 and while there, Medical Provider No. 2 refused to treat Wickham's MS. In September 2012, Wickham was transferred to Montana State Prison and prison officials immediately began treating the MS with Copaxone. (Complaint, Doc. 2 at 2.)

### III. Initial Screening Pursuant to 28 U.S.C. §§1915, 1915A

#### A. Standard

Because Wickham is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a

plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

**B. Analysis**

As Wickham filed his Complaint on April 20, 2015, all claims arising prior to April 20, 2012 are barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Therefore, all claims arising at the START Facility in Anaconda and all claims against Medical Provider No. 1 should be dismissed.

The Court has considered whether Wickham's claims regarding the denial

of medical treatment at the Butte Prerelease Center from April 20, 2012 until September 2012 are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Wickham has a reasonable opportunity to prevail on the merits of these claims. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants must respond to these claims.

Based on the foregoing, the Court issues the following:

## ORDER

1. Wickham's Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed April 20, 2015.

3. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Community Correction and Counseling Services, Michael Thatcher, and Medical Provider No. 2 to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant

to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

    4. The Clerk of Court shall forward the documents listed below to:

Community Corrections and Counseling Services
Michael Thatcher
unnamed Medical Provider
471 East Mercury
Butte, MT  59701

    \*     Complaint (Doc. 2);
    \*     this Order;
    \*     a Notice of Lawsuit & Request to Waive Service of Summons; and
    \*     a Waiver of Service of Summons

    5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to

give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

7. Wickham <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

8. At all times during the pendency of this action, Wickham shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

All claims arising before April 15, 2012 and Medical Provider No. 1 should

be **DISMISSED** based upon the applicable statute of limitations.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Wickham may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of May, 2015.

                                             */s/ Jeremiah C. Lynch*
                                             Jeremiah C. Lynch
                                             United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: Community Corrections and Counseling Services
      Michael Thatcher
      unnamed Medical Provider
      471 East Mercury
      Butte, MT 59701

A lawsuit has been commenced by a pro se plaintiff against you. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-15-18-BU-BMM-JCL. The Court has completed its initial screening and concludes you must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

                                          */s/ Jeremiah C. Lynch*
                                          Jeremiah C. Lynch
                                          United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

  The following Defendants acknowledge receipt of your request to waive service of summons in the following action: *Wickham v. Community Correction and Counseling Services, et al.,* Civil Action No. CV-15-18-BU-BMM-JCL filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

  The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____     _____
DATE                SIGNATURE

                  _____
                  PRINTED/TYPED NAME

                  _____

                  _____
                  ADDRESS