# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KELLY WICKHAM,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CORRECTION AND COUNSELING SERVICES, MICHAEL THATCHER, MEDICAL PROVIDER No. 1 (name unknown), and MEDICAL PROVIDER No. 2 (name unknown),<br><br>Defendants. | CV 15-18-BU-BMM<br><br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

Plaintiff Kelly Wickham filed a complaint pursuant to 18 U.S.C. § 1983 alleging that the defendants Community Correction and Counseling Services, Michael Thatcher, Medical Provider No.1, and Medical Provider No. 2 denied Wickham medical treatment for his Multiple Sclerosis ("MS") condition while he was in custody. (Doc. 2). Wickham is a prisoner proceeding in forma pauperis. (Doc. 5).

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations on May 5, 2015. (Doc. 5). The Court need not review *de novo*

1

the proposed Findings and Recommendations in the absence of objections by either party. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no clear error, and adopts Judge Lynch's Findings and Recommendations in full.

Wickham was transferred to the START facility, a Community Corrections and Counseling Services subsidiary, in July of 2011. (Doc. 5 at 3). Wickham alleges that START officials refused him treatment for his MS condition. *Id*. Wickham was moved in November of 2011 to TSTC Bootcamp where his MS was treated with Copaxone. *Id*. After completing TSTC Bootcamp, Wickham was transferred to Connections Corrections in February of 2012 where Medical Provider No. 1 discontinued the Copaxone. *Id*. at 4. Wickham was relocated in April of 2012 to Butte Prerelease, a community Corrections and Counseling Services subsidiary. *Id*.

The applicable statute of limitations for 42 U.S.C. § 1983 claims is the state statute of limitations that governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Montana personal injury statute restricts this period to three years after the action accrues. MONT. CODE ANN. § 27-2-204(1). Wickham filed his complaint on April 20, 2015. (Doc. 5 at 6). All claims arising prior to April 20,

2012, at the START Facility in Anaconda, Montana, and against the defendant Medical Provider No. 1 are barred.

**IT IS HEREBY ORDERED** that plaintiff Kelly Wickham's claims arising before April 20, 2012, and all claims against the defendant Medical Provider No. 1 are DISMISSED WITH PREJUDICE. Judge Lynch's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL.

DATED this 22nd day of May, 2015.

/s/ Brian Morris

Brian Morris
United States District Court Judge