IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
JUL 20 2015
Clerk, U.S. District Court
District Of Montana
Missoula

| KELLY WICKHAM, | CV 15-18-BU-BMM-JCL |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| COMMUNITY CORRECTION AND COUNSELING SERVICES, MICHAEL THATCHER, MEDICAL PROVIDER No. 1 (name unknown), and MEDICAL PROVIDER No. 2 (name unknown), | |
| Defendants. | |

Plaintiff Kelly Wickham has filed a Motion for Default Judgment. (Doc. 17.) Mr. Wickham alleges that Defendants did not file a responsive pleading and it has been more than 70 days since the original service Order (Doc. 5) was served. (Doc. 17 at 1.) The motion should be denied.

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process regarding default judgments: (1) entry of default and (2) entry of default judgment. Neither are appropriate in this case. Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

-1-

must enter the party's default."

In this case, the Clerk of Court was directed to send a request for waiver of service to Defendants on May 5, 2015. (Doc. 5.) When Defendants did not return the waiver within 30 days, the Court issued an Order directing the United States Marshals to serve the summons upon Defendants. (Doc. 9.) Defendants were served on June 23, 2015 (Doc. 13) and an Answer was timely filed on July 14, 2015, within 21 days after service of the summons. (Answer, Doc. 14.)

Since Defendants filed a timely Answer to Wickham's Amended Complaint, there is no basis for the entry of default or default judgment.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

Wickham's Motion for Default Judgment (Doc. 17) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of July, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge