IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| KELLY WICKHAM, | CV 15-18-BU-JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| COMMUNITY CORRECTION AND COUNSELING SERVICES, MICHAEL THATCHER, and DR. PATRICK J. McGREE, | |
| Defendants. | |

By Order entered October 26, 2016, the Court granted Defendants' summary judgment motions dismissing this action pursuant to 42 U.S.C. § 1997e(a) having found that Plaintiff Kelly Wickham failed to exhaust his administrative remedies. Judgment was entered that same date.

On November 28, 2016, Wickham filed his "appeal and objection" to the referenced order dismissing this case. Wickham asserts he exhausted his administrative remedies. In support of his assertion he re-filed two affidavits from fellow inmates which are the exact same affidavits that he previously filed in opposition to Defendants' summary judgment motions and which the Court fully considered in addressing those motions.

1

As there exists no procedure for a party to object to the October 26, 2016 Order in this consent case under 28 U.S.C. § 636(c), the Court will construe Wickham's motion as a motion for reconsideration of the referenced Order dismissing this case. But for the reasons discussed, Wickham's motion is deficient and is denied.

The Local Rules of Procedure for the District of Montana impose limitations upon motions for reconsideration. A party must first file a motion requesting leave to file a motion for reconsideration. L.R. 7.3(a). But the motion requesting leave may only be filed before the entry of judgment in a case. *Id*. Here, judgment has been entered in this case and, therefore, Wickham's reconsideration remedy is procedurally unavailable – his request is untimely.

Furthermore, a motion requesting leave to file a motion for reconsideration must demonstrate (1) that the facts or applicable law are materially different from that which was previously presented to the Court, and the moving party did not know of such different facts or law, or (2) the existence of new material facts or a change in the law. L.R. 7.3(b). Because Wickham's motion and objections rely solely upon the same affidavits he previously submitted to the Court, he has not satisfied the requirements for reconsideration under L.R. 7.3(b).

Therefore, based on the foregoing, IT IS HEREBY ORDERED Wickham's

"appeal and objection," properly construed as a motion for reconsideration, or a motion for leave to file a motion for reconsideration of the Court's October 26, 2016 Order, is DENIED.

DATED this 30th day of November, 2016.

Jeremiah C. Lynch
United States Magistrate Judge